Case 2:23-cv-00328   Document 18   Filed on 03/03/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BENITO HINOJOSA, §
　§
Petitioner, §
V. § CIVIL ACTION NO. 2:23-CV-00328
　§
BOBBY LUMPKIN, §
　§
Respondent. §

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that the Court dismiss the case as time barred and deny a certificate of appealability. *Id.* at 1.[1] Petitioner has responded to the M&R. (D.E. 16). The Court construes this filing as Plaintiff's objections. *Id.* Petitioner's D.E. 17 letter contain largely the same arguments as his D.E. 16 filing.[2]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Because Petitioner is a pro se litigant, the Court liberally construes his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[1] Judge Libby's M&R was filed on June 4, 2024. (D.E. 12). That same month, the M&R was returned as undeliverable to Petitioner. (D.E. 13). The Court resent the M&R, *see* (D.E. 15) (confirming receipt of mail), and Petitioner then filed his response and objections, (D.E. 16). Because Petitioner's response and objections was filed within fourteen days of his receipt of the M&R, the Court considers this filing timely. So, the Court considers it.

[2] The Court assumes without deciding that this filing was timely made.

Petitioner objects to the M&R with what appear to be two objections: first, that he is innocent of the crime of which he was convicted and second, that he does not understand "legal lingo" and is unsure of his rights. (D.E. 16, p. 1).

Petitioner's objections are conclusory—and the Court does not consider conclusory objections that do not specifically assert why the M&R is wrong. *See Perez v. Stephens*, No. 2:15-CV-409, 2016 WL 722466, at *1 (S.D. Tex. Feb. 24, 2016) (Ramos, J.), *aff'd sub nom.*, 690 F. App'x 200 (5th Cir. 2017); *Martinez v. Torok*, No. 2:21-cv-113, 2022 LEXIS 133239, at *2 (S.D. Tex. July 27, 2022) (Tipton, J.) (quoting *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008)) ("[A] party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." (cleaned up)). As such, Petitioner's conclusory objections are **OVERRULED.** (D.E. 16).

Finally, as to Petitioner's request to find "anyone [he could] write to help [him] to understand" his case, (D.E. 16, p. 1), the Court directs Petitioner to the Southern District of Texas's Pro Se Filers webpage: https://www.txs.uscourts.gov/page/district-pro-se-filers.[3] Other than direct Petitioner to the publicly available information on its website, the Court cannot assist Petitioner with his case. *See Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) ("To give [legal] advice would entail the district court's becoming a player in the adversary process rather than remaining its referee.").

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 16), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 12). Accordingly, the

---

[3] The Court has no personal knowledge of these organizations or their services and does not recommend or require litigants to use them.

Court **GRANTS** the motion for summary judgment, (D.E. 11), **DISMISSES** Petitioner's action as time-barred, and **DENIES** a certificate of appealability.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 3rd, 2025